**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIHUA YANG,<br><br>                    Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 12-72555<br><br>Agency No. A087-850-796<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jihua Yang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency found Yang failed to meet his burden of proof for asylum and withholding of removal because he was not credible and he failed to corroborate his claims. Substantial evidence supports the agency's adverse credibility determination based on the inconsistency in the record regarding whether Yang had knowledge of the circumstances of his fellow church members after his release from detention, and Yang's omission from his declaration that police continued to look for him after he departed China. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (adverse credibility finding supported where omissions "went to core of [petitioner's] alleged fear"). The agency considered Yang's explanations and was not compelled to accept them. *See Zamanov*, 649 F.3d at 974. We reject Yang's contention that the agency failed to consider the totality of circumstances. We lack jurisdiction to consider Yang's contentions regarding corroboration because he failed to raise them before the BIA.

*See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Apart from his unexhausted contentions, Yang does not otherwise challenge the agency's finding that he failed to corroborate his claims. Thus, Yang's asylum and withholding of removal claims fail.

Finally, Yang's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Yang does not point to any other evidence in the record that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the Chinese government if returned. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**